UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    v.

D-2 SAKINA HAKIM,

        Defendant.

No. 2:13-CR-20347

Hon. Paul D. Borman

VIO: 18 U.S.C. § 1349

Maximum Sentence: 10 years and/or
250,000 fine

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant

Sakina Hakim and the United States agree as follows:

1. ## GUILTY PLEA

    A. ### Count of Conviction

Defendant will enter a plea of guilty to Count 1 of the Indictment, which

charges conspiracy to commit health care fraud, and for which the penalty is a

statutory maximum of 10 years' imprisonment, a fine that is the greater of

$250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), and

a three-year term of supervised release.

    B. ### Elements of Offense

The elements of Count 1 are:

First:        That two or more persons, in some way or manner, came to a

> mutual understanding to try and accomplish a common and unlawful plan, as charged in the Indictment; and

Second:     That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

As set forth in the Indictment, Defendant is charged with conspiring to violate the health care fraud statute, 18 U.S.C. § 1347, which makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice: (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

## C.     Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for Defendant's guilty plea:

Beginning in approximately August 2008, and continuing through approximately October 2012, Defendant Sakina Hakim willfully conspired with others to commit health care fraud, in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States, as defined in 18 U.S.C. § 24. Furthermore, Medicare is a health care benefit program affecting commerce.

2

In August 2006, Sakina Hakim's husband, Sajid Hakim, and others incorporated AtHome Health Care, Inc. In December 2006, the name of AtHome Health Care, Inc. was changed to AMB Healthcare, Inc. ("AMB"). AMB was located in Farmington Hills, Michigan, and purported to provide home health services, including physical therapy and skilled nursing services. AMB was a Medicare provider and submitted claims directly to Medicare for home health services that were never rendered and/or were medically unnecessary.

Sakina Hakim, a licensed physician assistant in the State of Michigan, agreed with others to pay kickbacks to physicians, including co-defendant Dr. Paula Williamson, for referrals to AMB and certifications for home health care services that were never rendered or were medically unnecessary. Additionally, Sakina Hakim falsified medical documentation to make it appear that beneficiaries were in need of home health care and that the referrals and certifications were legitimate. These false certifications and referrals were necessary to support AMB's fraudulent claims to Medicare.

Sakina Hakim directed other medical professionals, including physical therapists, to create fictitious patient files to document purported home health care services that were never rendered and/or were medically unnecessary. Sakina Hakim's co-conspirators billed and were paid by Medicare for these fictitious services.

3

Between approximately August 2008 and approximately October 2012, Sakina Hakim and her co-conspirators submitted and caused the submission of fraudulent home health claims to Medicare, for which Medicare paid AMB approximately $2,029,955.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for Defendant's guilty plea to the charge against her. It does not include all of the facts known to her concerning criminal activity in which she and others engaged. Defendant makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

## 2. **SENTENCING GUIDELINES**

### A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

### B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, Defendant's guideline range is 87-108 months' imprisonment, as set forth on the attached worksheets. If the Court finds:

(a) that Defendant's criminal history category is higher than reflected on the attached worksheets; or

(b) that the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information

4

from her probation officer; otherwise demonstrated a lack of

acceptance of responsibility for her offense(s); or obstructed justice or

committed any crime,

and if any such finding results in a guideline range higher than 87-108 months'
imprisonment, the higher guideline range becomes the agreed range. If, however,
the Court finds that Defendant is a career offender, an armed career criminal, or a
repeat and dangerous sex offender as defined under the sentencing guidelines or
other federal law, and that finding is not already reflected in the attached
worksheets, this paragraph does *not* authorize a corresponding increase in the
agreed range.

Neither party may take a position concerning the applicable guidelines that
is different than any position of that party as reflected in the attached worksheets,
except as necessary to the Court's determination regarding subsections (a) and (b),
above.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing
so must consider the sentencing guideline range.

### A.   Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B.   Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.   Special Assessment(s)

Defendant will pay a special assessment of $100 and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

The Court may impose a fine in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

### E.   Restitution

The Court shall order restitution to every identifiable victim of Defendant's offense. The victims and the full amounts of restitution in this case are as follows:

6

U.S. Department of Health and Human Services: $2,029,955.

**4.   COOPERATION AGREEMENT**

The written cooperation agreement between Defendant and the government, entered into on this date, is part of this agreement.

**5.   USE OF WITHDRAWN GUILTY PLEA**

If the Court allows Defendant to withdraw her guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant waives her rights under Fed. R. Evid. 410, and the government may use her guilty plea, any statement made under oath at the plea hearing, and the factual basis statement in this Plea Agreement, against her in any proceeding.

**6.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise Defendant that, if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.   **WAIVER OF RIGHT TO APPEAL**

Defendant waives any right she may have to appeal her conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, Defendant waives any right she has to appeal her sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.   **CONSEQUENCES OF VACATION OF CONVICTION/WITHDRAWAL OF PLEA**

If Defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against Defendant within six months after the date the order vacating Defendant's conviction or allowing her to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, Defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8

9.   **EXCLUSION FROM THE MEDICARE PROGRAM AND OTHER**
     **FEDERAL HEALTH CARE PROGRAMS**

Defendant understands and acknowledges that, as a result of this plea,

Defendant will be excluded from Medicare, Medicaid, and all Federal health care

programs. Defendant agrees to complete and execute all necessary documents

provided by any department or agency of the federal government, including but not

limited to the United States Department of Health and Human Services, to

effectuate this exclusion within 60 days of receiving the documents. This exclusion

will not affect Defendant's right to apply for and receive benefits as a beneficiary

under any Federal health care program, including Medicare and Medicaid.

10.   **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Department of Justice, Criminal Division, Fraud

Section and the United States Attorney's Office for the Eastern District of

Michigan.

11.   **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. It supersedes all other promises,

representations, understandings, and agreements between the parties concerning

the subject matter of this plea agreement that are made at any time before the guilty

plea is entered in court. Thus, no oral or written promises made by the government

9

to Defendant or to the attorney for Defendant at any time before Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement unless Defendant fails to plead guilty, in which case Defendant waives the protections afforded by her proffer and cooperation agreements.

## 12.   **FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(7) and/or 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), Defendant agrees to forfeit to the United States her interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Indictment.

Forfeiture Money Judgment:  Defendant also agrees to the entry of a forfeiture money judgment against her in favor of the United States for the amount of **$2,029,955**, representing the total value of the property subject to forfeiture for Defendant's violation of Count 1 of the Indictment. Defendant shall be held jointly

10

and severally responsible for the forfeiture money judgment with all other defendants found guilty of violating Count 1 of the Indictment. Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in the assets which Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on Defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

Defendant further agrees to identify all assets over which she exercises control, directly or indirectly, or has exercised such control, within the past five

11

years. She also agrees to identify all assets in which she has or had during that time

any financial interest and to provide all necessary and appropriate documentation

with respect to said assets, including consents to forfeiture, quit claim deeds, and

any and all other documents necessary to deliver good and marketable title to said

property. Defendant agrees to take all steps as requested by the government to

obtain from any other parties by any lawful means any records of assets owned at

any time by Defendant. She also agrees to undergo any polygraph examination the

government may choose to administer concerning such assets and to provide

and/or consent to the release of his tax returns for the previous five years.

Defendant further agrees to waive all interest in any such asset in any

administrative or judicial forfeiture proceeding, whether criminal or civil, state or

federal. Defendant agrees to consent to the entry of orders of forfeiture for all

property to be forfeited and waives the requirements of Federal Rules of Criminal

Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment. Defendant acknowledges that she understands that the

forfeiture of assets is part of the sentence that may be imposed in this case and

waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J),

at the time his guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, including taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant further agrees that she will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceeding and that she will testify truthfully in any such proceeding.

Non-Abatement of Criminal Forfeiture: Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

13

BARBARA L. MCQUADE

*United States Attorney*

MATTHEW C. THUESEN
*Trial Attorney*
*U.S. Department of Justice*
*Criminal Division, Fraud Section*

CATHERINE K. DICK
*Assistant Chief*
*U.S. Department of Justice*
*Criminal Division, Fraud Section*

WAYNE F. PRATT
*Chief, Health Care Fraud Unit*
*United States Attorney's Office*
*Eastern District of Michigan*

By signing below, Defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer and has had all of her questions answered by her lawyer.

RAYMOND A. CASSAR, ESQ.
*Attorney for Defendant*

Date: 5/22/14

SAKINA HAKIM
*Defendant*

Date: 5/22/14

14

| Defendant: | D-2 Sakina Hakim | Count: | 1 |
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1) | Intended Loss Greater Than $1,000,000 | 16 |
| 2B1.1(b)(8) | Federal Healthcare Offense With Loss Greater Than $1,000,000 | 2 |
| 2B1.1(b)(10)(C) | Sophisticated Means | 2 |
|  |  |  |

## 2.    ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1(a) | Leader or Organizer | 4 |
| 3B1.3 | Abuse of Trust | 2 |
|  |  |  |
|  |  |  |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**32**

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



| Defendant: | D-2 Sakina Hakim | Count: | 1 |
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):    **3 POINTS**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted from the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):    **2 POINTS**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):    **1 POINT**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).
** A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| Defendant: | D-2 Sakina Hakim | Count: | 1 |
|---|---|---|---|
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

Defendant committed the instant offense while on supervised release for the 10/03/2008 sentence identified above in Prior Sentences



## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.



## 4. TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.


0

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |


I

| Defendant: | D-2 Sakina Hakim | Count: | 1 |
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET D (Guideline Range)

### 1. (COMBINED) ADJUSTED OFFENSE LEVEL

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 32

### 2. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)

> -3

### 3. TOTAL OFFENSE LEVEL

Enter the difference between Items 1 and 2.

> 29

### 4. CRIMINAL HISTORY CATEGORY

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

### 5. CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)

  a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

  b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

### 6. GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 87-108

Months

### 7. STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why,

months

| Defendant: | D-2 Sakina Hakim | Count: | 1 |
|---|---|---|---|
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET E (Authorized Guideline Sentences)

## 1. PROBATION (U.S.S.G. ch. 5, pt. B)

### a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

### b. Length of Term of Probation (U.S.S.G. § 5B1.2)

 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

2. No more than 3 years (total offense level < 6).

### c. Conditions of Probation (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

## 2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))

**X**

a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

## 3. IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | D-2 Sakina Hakim | Count: | 1 |
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

**(WORKSHEET E, p. 2)**

## 4.  SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)

a.  Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.  Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

☐  1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒  2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐  3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐  4. The statute of conviction requires a minimum term of supervised release of _____ months.

c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.  RESTITUTION (U.S.S.G. § 5E1.1)

☐  1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☒  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $**2,029,955**.

☐  3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐  5. Restitution is not applicable.

| Defendant: | D-2 Sakina Hakim | Count: | 1 |
| Docket No.: | 13-CR-20347 | Statute(s): | 18 U.S.C. § 1349 |

**(WORKSHEET E, p. 3)**

6. **FINE (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $15,000 | $150,000 |

7. **SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

   $100.00 for every count charging a felony ($400 for a corporation),
   $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   $   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   [X] Assets of the defendant will be forfeited.    [ ] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

   _____
   _____
   _____

Rev. 03/13